# EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven L. Mazza, Esq. SBN: 101076<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Blvd.<br>Beverly Hills, CA 90211<br>TELEPHONE NO: 310-273-1230   FAX NO. (Optional): 310-858-1063<br>E-MAIL ADDRESS (Optional): eservice@czrlaw.com<br>ATTORNEY FOR (Name): Plaintiff, CORINA MOLINA | E-FILED<br>11/24/2020 10:09 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>20CV373963<br>Reviewed By: R. Tien |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF: CORINA MOLINA, an Individual

DEFENDANT: TARGET CORPORATION, a Corporation and

[X] DOES 1 TO 50, Inclusive

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE    [X] OTHER (specify): PREMISES LIABILITY and
[X] Property Damage   [ ] Wrongful Death    GENERAL NEGLIGENCE
[X] Personal Injury   [X] Other Damages (specify): LOSS OF FUTURE EARNINGS AND MEDICAL EXPENSES

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [ ] does not exceed $10,000
                [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER: 20CV373963

1. Plaintiff (name or names): CORINA MOLINA, an Individual
   alleges causes of action against defendant (name or names): TARGET CORPORATION, a Corporation and DOES 1 to 50, Inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
COMPLAINT—Personal Injury, Property Damage, Wrongful Death
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001

| SHORT TITLE: CORINA MOLINA vs. TARGET CORPORATION | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): TARGET CORPORATION
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: CORINA MOLINA vs. TARGET CORPORATION | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
    a. [ ] Motor Vehicle
    b. [X] General Negligence
    c. [ ] Intentional Tort
    d. [ ] Products Liability
    e. [X] Premises Liability
    f. [ ] Other (specify):

11. Plaintiff has suffered
    a. [X] wage loss
    b. [X] loss of use of property
    c. [X] hospital and medical expenses
    d. [X] general damage
    e. [X] property damage
    f. [X] loss of earning capacity
    g. [X] other damage (specify): FUTURE LOSS OF EARNINGS AND FUTURE MEDICAL EXPENSES. FOR INTEREST AS PERMITTED BY THE LAW.

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. [ ] listed in Attachment 12.
    b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) [X] compensatory damages
       (2) [ ] punitive damages
    The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
       (1) [X] according to proof
       (2) [X] in the amount of: $ OVER $25,000

15. [X] The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):
    PREM.L-1; PREM.L-2; PREM.L-5; and GN-1

16. Demand for jury trial. Plaintiff hereby demands a trial by jury in all the aforementioned matters.
Date: November 22, 2020

Steven L. Mazza, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   COMPLAINT—Personal Injury, Property Damage, Wrongful Death   Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE: CORINA MOLINA vs. TARGET CORPORATION | CASE NUMBER: |
|---|---|

__FIRST__   **CAUSE OF ACTION—General Negligence**   Page __4__
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* CORINA MOLINA, an Individual

alleges that defendant *(name):* TARGET CORPORATION, a Corporation and

[ ] Does __1__ to __50__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* October 17, 2019
at *(place):* 533 Coleman Avenue, San Jose, CA 95110

*(description of reasons for liability):*

Defendants, and each of them, by their acts or omissions to act, negligently caused the injuries to Plaintiff which occurred on, or about, October 17, 2019 when she slipped and fell due to water that was left on the floor after the floor was mopped by Defendants' employees on Defendants' property. Defendants failed to place a warning sign to alert customers of this dangerous condition that was created by Defendants, causing injuries and damages to Plaintiff in an amount to be proven at the time of trial. Further, the floor where Plaintiff fell was wet and Defendants knew it was wet and failed to place warning signs or cones to alert customers of the dangerous condition. The walking surface at the subject address is inherently dangerous for the intended use. Plaintiff sustained serious injuries and incurred damages as direct result of the negligence of Defendants in installing, constructing, maintaining, inspecting, mopping, managing, supervising, controlling and/or operating the premises and walking surface located at 533 Coleman Avenue, San Jose, CA 95110 including, but not limited to, the aisles and any other surfaces and areas upon which individuals may move about; negligently hiring, training, supervising, controlling and/or monitoring employees and agents responsible for the cleaning, mopping, maintenance, inspections, repairing, supervision, control and operations; failing to provide a safe, suitable and adequate premises for individuals using said premises. Plaintiff is informed and believes and thereon alleges that said hazardous, dangerous conditions were caused and created by Defendants, and each of them, and/or existed for a sufficient time prior to the incident for Defendants to have corrected, removed, and/or warned Plaintiff of the existence of said conditions, which Defendants negligently and carelessly failed to do, causing serious injuries to Plaintiff. Defendants also failed to warn Plaintiff of the risks and dangers of which Defendants created or knew, or in the existence of reasonable care should have known, and which were unknown and not readily apparent to Plaintiff. Defendants' failure to warn was a direct legal cause of Plaintiff's injuries and damages. Defendants had actual and/or constructive notice of said dangerous conditions. Plaintiff incorporates the facts as set forth in the Premises Liability Cause of Action. Defendants violated Civil Code section 1714 in causing this incident.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

PLD-PI-001(4)

| SHORT TITLE: CORINA MOLINA vs. TARGET CORPORATION | CASE NUMBER: |
|---|---|

___SECOND___ CAUSE OF ACTION—Premises Liability   Page 5
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* CORINA MOLINA, an Individual
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* October 17, 2019   plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):* Plaintiff was injured when she slipped and fell as a result of dangerous conditions on Defendants' property located at 533 Coleman Avenue, San Jose, CA 95110. Defendants' employees mopped the floor; leaving the water on the floor without placing a warning sign concerning the wet floor. Defendants knew the floor, where Plaintiff fell, was wet and failed to place warning signs or cones to alert customers of the dangerous condition. Defendants' negligence caused injuries and damages to be proven at the time of trial. Defendants, and each of them, are responsible for their failure to provide a safe, suitable and adequate premises. Defendants had actual and/or constructive notice of said dangerous conditions. Plaintiff incorporates the facts as set forth in the General Negligence Cause of Action.

Prem.L-2.  [X] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):* TARGET CORPORATION, a Corporation and

[ ] Does ___1___ to ___50___

Prem.L-3.  [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ ] Does _____ to _____

Plaintiff, a recreational user, was  [ ] an invited guest  [ ] a paying guest.

Prem.L-4.  [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):* TARGET CORPORATION, a Corporation and

[ ] Does ___1___ to ___50___

b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [X] as follows *(names):* Defendants, who failed to provide a safe, suitable and adequate premises are TARGET CORPORATION, a Corporation and DOES 1 to 50, Inclusive

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

CAUSE OF ACTION—Premises Liability

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven L. Mazza, Esq.   SBN: 101076<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Blvd., Beverly Hills, CA 90211<br>TELEPHONE NO.: 310-273-1230   FAX NO.: 310-858-1063<br>ATTORNEY FOR (Name): Plaintiff, CORINA MOLINA | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 11/24/2020 10:09 AM<br>Reviewed By: R. Tien<br>Case #20CV373963<br>Envelope: 5354751** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown Superior Court | |
| CASE NAME: MOLINA v. TARGET CORPORATION | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20CV373963<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): TWO (2): General Negligence / Premises Liability
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 22, 2020

Steven L. Mazza, Esq.
(TYPE OR PRINT NAME)                                              ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]   CIVIL CASE COVER SHEET   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 20CV373963

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: **Folan, Maureen A**   Department: **6**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **4/6/2021**   Time: **1:30 PM**   in Department: **6**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____   Time: _____   in Department: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---